UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUSHAR BHARATBHAI PATEL,<br><br>                            Petitioner,<br><br>      v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                            Respondent. | CASE NO. C19-2009-MJP-MAT<br><br>**ORDER GRANTING TEMPORARY STAY OF REMOVAL AND DIRECTING SERVICE** |

Petitioner, proceeding through counsel, has filed a 28 U.S.C. § 2241 habeas corpus petition and is requesting, among other relief, an immediate stay of removal. The Government has not had an opportunity to respond. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. He asserts removal is imminent because, on September 24, 2019, an immigration judge issued a Final Order in Credible Fear Review Proceedings (expedited removal proceedings) that ordered him to be removed from the United States, and <u>he was apparently informed this morning that he is being deported this evening, December 9, 2019</u>. (Dkt. 3 at 2, 3.). Petitioner alleges that if he is removed from the United States to India, "it is likely he will face persecution, severe threats to his life and safety, or will be murdered or tortured." (Dkt. 2, at 6, 11.).

ORDER GRANTING TEMPORARY STAY
OF REMOVAL AND DIRECTING SERVICE -
1

Petitioner reported to an asylum officer that he had been beaten severely twice by Congress Party supporters who are Muslim. (Dkt. 2, at 5-6.). He reported he was attacked and beaten due to his Hindu religion. *Id.* Petitioner reported he had been seeing a Muslim "girl" and the Muslims who attacked and beat him had ties to the Congress Party. *Id.* He reported that his attackers threatened to kill him. *Id.* He reports he was injured in the attacks and saw a doctor for his injuries. *Id.* He reports that after his second attack he received threatening calls. *Id.* According to petitioner, he attempted to report the attacks to the police, but they refused the report. *Id.* Petitioner believes that if he returns to India his attackers will find out where he is through his ID which he would be required to provide if he were to try to find a place to live. *Id.*

Petitioner claims he can show his Fourth and Fifth Amendment rights were violated on account of actions taken by respondents in disregard of substantive and procedural due process, including with respect analysis by the asylum officer and immigration judge regarding whether petitioner could successfully relocate. (*See id*., at 2, 8.).

In evaluating whether to issue a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  This test is also satisfied where a petitioner shows "that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Id.* at 970.  The Court considers these factors below.

ORDER GRANTING TEMPORARY STAY
OF REMOVAL AND DIRECTING SERVICE -
2

*Probability of Irreparable Harm* – A petitioner must show that an irreparable injury is the more probable or likely outcome if the request for a stay of removal is denied. *Id.* at 968 (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). "Although removal is a serious burden for many [noncitizens], it is not categorically irreparable." *Nken*, 556 U.S. at 435. Thus, to satisfy this element, a petitioner "must show that there is a reason specific to his or her case, as opposed to a reason that would apply equally well to all [noncitizens] and all cases, that removal would inflict irreparable harm . . . ." *Leiva-Perez*, 640 F.3d at 969. Factors bearing on irreparable harm include, but are not limited to, whether removal would effectively prevent a noncitizen from pursuing a petition for review, physical danger to the individual if returned to his or her home country, separation from family members, medical needs, and potential economic hardship. *Id.* at 969-70. The allegations in petitioner's habeas petition establish a probability of irreparable harm if the emergency request for a stay of removal is denied. Specifically, he alleges that he understands his removal is imminent and that "it is likely he will face persecution, severe threats to his life and safety, or will be murdered or tortured" if he is removed to India. (Dkt. 2, at ¶ 29.).

*Likelihood of Success on the Merits* – If a petitioner is unable to show a strong likelihood of success on the merits, it is sufficient that "serious legal questions are raised" or that the petitioner has "a substantial case for relief on the merits," so long as the balance of hardships tips sharply in the petitioner's favor. *Id.* at 968 (quoted source omitted). The Ninth Circuit has not clearly defined these key phrases. Courts, however, have found a "substantial case" or "serious questions" when neither the Ninth Circuit nor Supreme Court have addressed the question raised in the petition and when the case involves a constitutional question or otherwise addresses a pressing legal issue. *See Lucas v. Nielson*, No. 18-7763, 2018 WL 6832091, at *4 (N.D. Cal.

Dec. 28, 2018) (granting temporary restraining order staying removal); *Morse v. Servicemaster Global Holdings, Inc.*, No. 10-628, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) (addressing request for stay pending appeal in non-immigration case).

Petitioner seeks judicial review of his expedited removal order and the determination that he does not have a credible fear of return to his home country, claiming that the immigration judge violated his constitutional rights. The Ninth Circuit recently held that under the Suspension Clause, district courts have habeas jurisdiction to review a noncitizen's mixed legal and factual challenge to his expedited removal order and negative credible fear determination. *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1113-119 (9th Cir. 2019) (remanding to district court to address merits of claims). Given that this is an evolving area of the law, and that the Ninth Circuit has clarified that this element does not "demand a showing that success is more likely than not," *Leiva-Perez*, 640 F.3d at 968, the Court concludes that petitioner has at least raised a substantial case on the merits of his claim.[1]

Given that this is an evolving area of the law, the Court concludes that petitioner has raised at least serious questions going to the merits of his claim.

*Balance of Hardships and Public Interest* – Where the Government is the opposing party, the balance of hardships and public interest prongs merge. *Leiva-Perez*, 640 F.3d at 970. In this case, the balance of hardships tips strongly in petitioner's favor. Although the Government may incur additional custodial expense for continuing to detain petitioner, denying petitioner's request for a stay is likely to result in irreparable harm, as discussed above. The public interest also favors petitioner. While this case involves competing public interests—the public interest is

---

[1] The Court notes that so long as the petitioner has demonstrated that irreparable harm is probable, "a substantial case on the merits" is sufficient so long as "the balance of hardships tips sharply in petitioner's favor." *Id.* at 970

ORDER GRANTING TEMPORARY STAY
OF REMOVAL AND DIRECTING SERVICE -
4

served by the prompt execution of removal orders on one hand, and by preventing the wrongful removal of noncitizens, particularly to countries where they are likely to face substantial harm, on the other—the Court concludes that the interest in ensuring that petitioner is not wrongfully removed weighs most heavily based on the facts in this case.

Having considered the factors set forth in *Leiva-Perez*, the Court concludes that petitioner has established a likelihood of irreparable harm, serious questions going to the merits, that the balance of hardships tips sharply in his favor, and that the public interest favors a stay of removal. Given the "general balancing approach" endorsed by the Ninth Circuit, *Leiva-Perez*, 640 F.3d at 966, the court grants the motion as described below.

Based on the foregoing, the Court **ORDERS**:

(1) Petitioner's motion for a stay of removal (Dkt. 3) is **GRANTED**, and petitioner's removal is **STAYED** until further order of the Court.

(2) If not previously accomplished, electronic posting of this Order and petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents, including the request for immediate stay of removal.  Service upon the United States Attorney is deemed to be service upon the named respondent(s).

(3) **Within 30 days of the date this Order is posted**, respondent(s) shall file a return and status report ("RSR") as provided in 28 U.S.C. § 2243, explaining why the Court should not grant petitioner's petition.  As a part of such return, respondent(s) shall submit a memorandum of authorities in support of their position and state whether an evidentiary hearing is necessary. Respondent(s) should also address whether the stay of removal should terminate at the end of this action or whether it should continue until a later date.

(4) In accordance with LCR 7(d), respondent(s) shall note their return for consideration on the fourth Friday after it is filed.  Petitioner may file and serve a response on or before the Monday immediately preceding the noting date, and respondent(s) may file and serve a reply on or before the noting date.

(5) The Clerk shall send a copy of this Order to the parties and the assigned Magistrate Judge.

DATED this 9th day of December, 2019.

Marsha J. Pechman
United States District Judge

Recommended for Entry
this 9th day of December, 2019.

/s/ Mary Alice Theiler
MARY ALICE THEILER
United States Magistrate Judge

ORDER GRANTING TEMPORARY STAY
OF REMOVAL AND DIRECTING SERVICE -
6